ZOA RODRÍGUEZ-MATTEI and NESTOR RODRÍGUEZ-MATTEI, Plaintiffs and Appellants, *v.* ELVIRA RODRÍGUEZ-CUEVAS, Defendant and Appellee.

No. 3904.   Argued November 2, 1926.—Decided March 9, 1927.

*Arjona & Arjona* for the appellants.   *Tomás Paz, Jr.,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellee moves for a reconsideration of our judgment in the present case only as to giving her an opportunity to file in the lower court proof of her cross-complaint.

It was prayed in the complaint to set aside a judicial declaration of sole heir made in favor of the defendant as a natural acknowledged child of Conrado Rodríguez Mattei, with the inclusion of her birth certificate showing that she was the daughter of Conrado Rodríguez, but without bearing the latter's signature. Defendant opposed the complaint and alleged as defense several acts of Conrado Rodríguez in which she was treated as his natural acknowledged daughter.

At the trial a year after the filing of the complaint the defendant asked verbally for a continuance because she could not produce her evidence, but the court refused on the

ground that the motion did not comply with the provisions of section 202 of the Code of Civil Procedure. Defendant then was allowed by the court to file an amended answer for the purpose of submitting as a cross-complaint the acts of filiation set up in defense and of including new cross-defendants. All of these immediately answered the cross-complaint, denying its allegations, whereupon the trial began. After the plaintiffs had rested the defendant again made a verbal motion for a continuance, alleging that as she did not expect the cross-defendants to answer so quickly, and deny the acts of acknowledgment alleged by her, she was not ready to produce her evidence. The court overruled the motion because it did not comply with the provisions of the Code of Civil Procedure, and because the cross-complaint did not introduce new matter. Defendant then prayed for leave to withdraw the cross-complaint, but on being refused, she stated that she was not going to submit any evidence. After the trial the lower court gave judgment for the defendant, which judgment was reversed by this court. 35 P.R.R. 811.

It appears from a certificate filed with the motion to reconsider that after the trial and before the lower court rendered its judgment thereon the defendant asked for leave to submit the evidence on her cross-complaint opening the case *de novo,* but the court denied the motion and rendered judgment.

The statement of facts which we have just made does not justify the reconsideration of our judgment in the particular in question, because the motions to postpone were properly denied by the court on the ground of non-compliance with the provisions of the Code of Civil Procedure. As the facts of the defendant's answer were the same as those alleged by her in her cross-complaint in the action of filiation, she ought to have been ready to prove them at the trial which took place a month after it was set; and she could not be surprised by the fact that the plaintiffs denied her condition

338

as natural acknowledged child of Conrado Rodríguez Mattei, because she had no reason to expect otherwise, the more so since it was denied in the complaint that she was a natural daughter of Conrado Rodríguez. Furthermore, defendant voluntarily refused to introduce evidence as to the facts alleged in her cross-complaint in the action of filiation, preferring to rest her case solely on the fact that she had been acknowledged in her birth certificate as a natural daughter and that therefore the declaration of sole heir in her favor was not void. Therefore she can not now fall back and try to re-open the case to introduce the evidence that she did not wish to use before.

The motion to reconsider must be overruled.